UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THEOPHOLUS JORDAN,**

        **Plaintiff,**

v.                                       Case No.  6:23-cv-867-CEM-RMN

**YESCARE, K. WHITING, C. FLOWERS, and J. JORDAN,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff Theopholus Jordan's Civil Rights Complaint ("Complaint," Doc. 1) filed pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee in the custody of the Brevard County Jail and proceeds in this action *pro se*.

**I.     LEGAL STANDARD**

Section 1915A requires a district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to "dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b). A complaint is frivolous

if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff sues the following in an individual and official capacity: "YesCare (Corizon Medical)," Healthcare Administrator K. Whiting, Registered Nurse C. Flowers, and Director of Nursing J. Jordan. (Doc. 1 at 2–3). Plaintiff generally explains that between August 18, 2022, and December 20, 2022, he "was deprived and neglected medical care for an extra excessive extended period of time while also having [his] religious [rights] violated. Each defendant aided." (Doc. 1 at 4–5).

Plaintiff alleges that he had an "abscess tooth infection" that "could have been deadly" (Doc. 1 at 4), but he was given "the run around" for seeing a dentist. (Doc. 1 at 7). He filed requests for dental care and related grievances that he was not being seen by the dentist, "only to continue to be told that [he] ha[s] been scheduled to be seen." (Doc. 1 at 7). Plaintiff claims "[t]here was no dentist at all to run the dental part of [the] Medical [department] for a good period of time." (Doc. 1 at 5). He finally extracted the tooth himself in October 2022, but he still had to wait until December 20, 2022, to have the root of his tooth removed. (Doc. 1 at 5).

Plaintiff claims he suffered neglect; excruciating pain; major headaches; discomfort; insomnia; constant bleeding from the infected area; emotional, mental,

physical, and spiritual distress; and depression as a result of the delayed dental care. (Doc. 1 at 5). Plaintiff seeks $1.8 million in damages and any other relief deemed necessary. (Doc. 1 at 5).

### III.  ANALYSIS

As Plaintiff fails to adequately set forth his claims, he must amend the Complaint if he desires to proceed in this action. First, Plaintiff sues each Defendant in their official capacity. A claim against a defendant in their official capacity is a suit against the entity of which the named defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Thus, because Plaintiff claims K. Whiting, C. Flowers, and J. Jordan work for YesCare, official capacity claims against those Defendants are improperly duplicative of the official capacity claims against YesCare and accordingly, are to be dismissed.

Second, Plaintiff cannot sue YesCare simply because the company supervises the employees providing medical care at the jail. In order to establish a Section 1983 claim against a defendant in the defendant's supervisory capacity, "a plaintiff must show that the defendant instituted a 'custom or policy [that] result[s] in deliberate indifference to constitutional rights or . . . directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.' " *Goebert v. Lee Cty.*, 510 F.3d 1312, 1331 (11th Cir. 2007) (quoting *West v. Tillman*, 496 F.3d 1321, 1328–29 (11th Cir. 2007)). Plaintiff does

not meet that standard here. Although he alleges that there was no dentist available to run the dental department for "a good period of time" (Doc. 1 at 5), he does not allege the length of such period or the inability to obtain medical care for his infection through other means at the jail (*e.g.*, through medical doctors or referral to outside providers). Therefore, the individual and official capacity claims for deliberate indifference to a serious medical need against YesCare are to be dismissed.

Third, although Plaintiff sues K. Whiting, C. Flowers, and J. Jordan, he fails to allege any specific actions taken by those Defendants that resulted in a violation of his constitutional rights. *See, e.g.*, *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Moreover, to state a claim for deliberate indifference to his serious medical need, Plaintiff must show that the failure to provide him medical care amounted to cruel and unusual punishment under the Eighth Amendment[1] to the United States

---

[1] "Technically, the Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, governs pretrial detainees . . . However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (internal citations omitted).

Constitution. To do so, Plaintiff must first "set forth evidence of an objectively serious medical need. Second, [he] must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *see also Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). "Third, as with any tort claim, [he] must show that the injury was caused by the defendant's wrongful conduct." *Goebert*, 510 F.3d at 1326.

An objectively serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert*, 510 F.3d at 1326 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). To demonstrate deliberate indifference, Plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Goebert*, 510 F.3d at 1326 (alteration in original) (internal quotation marks and citation omitted).

Here, although Plaintiff acknowledges requesting care and filing grievances, he does not allege any of the symptoms he described in those requests or the type of medical care or treatment that he sought. Thus, he has not alleged that any defendant was subjectively aware of the seriousness of his infection or pain. Additionally, because he fails to describe the actions of each named Defendant, he does not sufficiently allege that any Defendant's conduct caused the claimed constitutional

violation. Accordingly, the individual capacity claims for deliberate indifference to a serious medical need against K. Whiting, C. Flowers, and J. Jordan are dismissed.

Finally, although Plaintiff contends that his religious rights were violated, he does not set forth any facts supporting such a claim. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action under Section 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Therefore, the claims against each Defendant for violating Plaintiff's religious rights are dismissed.

### IV. CONCLUSION

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**. Plaintiff may file an amended complaint **on or before August 17, 2023**.

    a. If Defendant chooses to file an amended complaint, Plaintiff shall file a new Civil Rights Complaint Form, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action and may not refer to or incorporate the Complaint.

    b. If Defendant files an amended complaint, it will supersede the Complaint, and all claims must be raised in the Amended Complaint.

2. Plaintiff filed this action *pro se*, and is directed to immediately advise the Court of any change of address. He shall title the paper "Notice to the Court of Change of Address." This notice shall contain *only* information pertaining to the address change and the effective date of such and should *not* contain other motions or requests. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

3. Failure to timely and fully comply will result in the dismissal of this action for failure to state a claim under 28 U.S.C. 1915A(B)(1), without further notice.

4. The clerk is directed to mail to Plaintiff a blank prisoner civil rights complaint form.

**DONE** and **ORDERED** in Orlando, Florida on July 27, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party